336 F.2d 668
 J. J. O'LEARY, Deputy Commissioner, Bureau of Employees
Compensation, Fourteenth Compensation District,
United States Department of Labor, Appellant,
v.
ALASKA AIRLINES, INC., Appellee.
 Nos. 18924, 18925.
 United States Court of Appeals Ninth Circuit.
 Aug. 28, 1964.
 
 John W. Douglas, Asst. Atty. Gen., Morton Hollander, Richard S. Salzman, Dept. of Justice, Washington, D.C., Brockman Adams, U.S. Atty., Seattle, Wash., for appellant.
 Gordon W. Moss, Evans McLaren, Lane, Powell & Moss, Seattle, Wash., for appellee.
 Before CHAMBERS, Chief Judge, and HAMLEY and HAMLIN, Circuit Judges.
 HAMLIN, Circuit Judge.
 
 
 1
 On July 17, 1961, pursuant to a contract between Alaska Airlines, Inc., appellee herein, and Military Air Transport Service, United States Department of the Air Force (MATS), a service order was issued by MATS which required appellee to transport government-owned cargo from Travis Air Force Base, California, to Tachikowa Air Base, Japan, between July 18 and 24, 1961. The DC-6 aircraft used to carry out this service order flew from the Travis, California, base, landed and refueled at Anchorage, Alaska, and was in the process of landing for the purpose of refueling again at Shemya, Alaska, in the Aleutian Islands, when it crashed, taking the lives of all six crewmen aboard, July 21, 1961. Beneficiaries of five of the deceased crewmen filed claims with J. J. O'Leary, Deputy Commissioner for the Fourteenth Compensation District, Bureau of Employees Compensation, United States Department of Labor, for death benefits pursuant to the Defense Base Act, 55 Stat. 622 (1941), as amended, 42 U.S.C. 1651 (Supp. V, 1963), which is set out in part in the margin.[1] The deputy commissioner awarded death benefits, finding as facts that the contract was one for public work and that it was to be performed outside the United States by means of transoceanic flights. Appellee petitioned the United States District Court for the Western District of Washington to set aside the awards of the deputy commissioner.[2] Both parties filed motions for summary judgment, and on April 25, 1963, the court entered an order granting appellee's motion and dismissing that of the deputy commissioner.[3] The deputy commissioner appealed, invoking the jurisdiction of this court under 28 U.S.C. 1291 (1958).
 
 
 2
 After completion of oral argument in this court, it came to the attention of this court that the claimants had brought actions against a third party, the operator of the airfield at Shemya, for wrongful death of the crewmen. It is our understanding that these tort actions have been compromised, and that this was done without the consent of appellee herein. We accordingly requested the views of the parties herein as to the effect these compromise settlements have on this appeal. Both appellant and appellee agree that the issues on this appeal have now become moot by virtue of section 33 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1440 (1927), as amended, 33 U.S.C. 933 (Supp. V, 1963), which is set forth in part in the margin.[4] Therefore, the judgment of the district court is vacated and the action is remanded with directions to set aside the awards of the deputy Commissioner on the ground that the issue of the claims to compensation have become moot.[5]
 
 
 
 [1]
 '(a) Except as herein modified, the provisions of the Longshoremen's and Harbor Workers' Compensation Act, as amended, shall apply in respect to the injury or death of any employee engaged in any employment-- * * * (4) under a contract entered into with the United States or any executive department, independent establishment, or agency thereof (including any corporate instrumentality of the United States), or any subcontract, or subordinate contract with respect to such contract, where such contract is to be performed outside the continental United States and at places not within the areas prescribed in subparagraphs (1)-(3) of this subdivision, for the purpose of engaging in public work, * * * irrespective of the place where the injury or death occurs * * *.'
 
 
 [2]
 Two actions were filed-- one protesting the awards to beneficiaries of decedents who resided in California, the other awards to beneficiaries of decedents who resided in Washington. The two actions were consolidated below and are also consolidated here
 
 
 [3]
 Alaska Airlines, Inc. v. O'Leary, 216 F.Supp. 540 (W.D.Wash.1963)
 
 
 [4]
 '(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person
 '(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.
 '(f) If the person entitled to compensation institutes proceedings within the period prescribed in subdivision (b) of this section the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person.
 '(g) If compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision (f) of this section only if such compromise is made with his written approval.'
 
 
 [5]
 See United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950)